UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN TOD ALEXANDER,

                Petitioner,                Case No. 1:06-cv-905

v.                                              Honorable Wendell A. Miles

JOHN PRELESNIK,

                Respondent.
_____/

**REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed because it is barred by the one-year statute of limitations.

**Discussion**

I.   Factual allegations

Petitioner is incarcerated with the Michigan Department of Corrections (MDOC) and is currently housed at the Richard A. Handlon Correctional Facility. After a 2000 bench trial, Petitioner was convicted in the Oakland County Circuit Court on two counts of assault with a dangerous weapon, MICH. COMP. LAWS § 750.82; three counts of armed robbery, MICH. COMP. LAWS § 750.529; and five counts of possessing a firearm in the commission of a felony, MICH. COMP. LAWS § 750.227b. On September 20, 2000, the circuit court sentenced Petitioner as a habitual offender, fourth offense, to ten to fifteen years' incarceration on the assault counts, twenty to fifty years on the robbery counts, and two years total on all five firearm counts.

Petitioner filed a direct appeal in the Michigan Court of Appeals on October 27, 2000; that court affirmed his convictions and sentences on May 24, 2002. The 56-day deadline for seeking leave in the Michigan Supreme Court lapsed without Petitioner having filed an appeal in that court. *See* MICH. CT. R. 7.302(C)(2), (3). Petitioner maintains that he missed the supreme court filing deadline because: (1) he was preoccupied with filing a motion for rehearing in the court of appeals, which that court repeatedly returned as "defective"; (2) his appellate lawyer withdrew at the court of appeals stage; and (3) an overall "lack of legal assistance," stemming from the fact that Petitioner was never appointed substitute counsel, and was repeatedly transferred among MDOC facilities, which prevented him from obtaining consistent assistance from a "jailhouse lawyer" at any one facility. (*See* Pet. at 5). Petitioner claims that, as a result of these facts, he did not know that the Michigan Court of Appeals closed his case until September 18, 2002, at which time the 56-day filing deadline had already lapsed. (*See* Pet. at 5; Pet. App. E).

On February 17, 2005, Petitioner filed a motion for relief from judgment and for resentencing in the Oakland County Circuit Court; the court denied the motions on July 13, 2005. The Michigan Court of Appeals and Michigan Supreme Court each denied Petitioner leave to appeal the circuit court's ruling under MICH. CT. R. 6.508(D) on March 16, 2006 and October 31, 2006, respectively.

In his *pro se* application for habeas relief, Petitioner argues his constitutional rights were violated when: (1) trial counsel failed to object to commencement of trial prior to finality of competency hearing; (2) the trial court improperly ruled that competency hearing had been resolved; (3) trial counsel failed to request a mistrial; (4) trial counsel failed to challenge psychiatric reports; (5) the trial court denied Petitioner a chance to question certain evidence; (6) trial counsel failed to object to the admission of Petitioner's statements made while his gunshot wounds were being treated; (7) trial counsel failed to obtain a waiver of jury trial; (8) the trial court improperly sentenced Petitioner based on evidence not in the record; and (9) ineffective assistance of appellate counsel.

II.   Statute of limitations for habeas petitions

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). The one-year statute of limitations provided in § 2244(d)(1) is new, as there previously was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 121 S. Ct. 2120 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In this case, § 2244(d)(1)(A) provides the period of limitation because the other subsections do not apply to the grounds that Petitioner has raised.  Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Petitioner appealed his convictions to the Michigan Court of Appeals, which affirmed his convictions and sentences on May 24, 2002, but Petitioner did not thereafter appeal to the Michigan Supreme Court.  Where a petitioner fails to file a timely appeal to the Michigan Supreme Court, no judgment of that court exists from which he could seek further review in the United States Supreme Court, since the U.S.

Supreme Court will review only final judgments of the "highest court of a state in which a decision could be had . . . ." 28 U.S.C. § 1257(a).  As a result, Petitioner's judgment of conviction became final at the end of the 56-day period allowed for filing a delayed application for leave to appeal to the Michigan Supreme Court.  *See  Clay v. United States*, 537 U.S. 522, 527, 531 (2003)*; United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002).  The one-year limitations period therefore began running on July 19, 2002, and expired on July 21, 2003.  *See* 28 U.S.C. § 2244(d)(1)(A); FED. R. CIV. P. 6(a).  Petitioner's December 26, 2006 habeas application was obviously filed well after the limitations period had expired.

Additionally, although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly-filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (*i.e*., restart the clock); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at *2 (6th Cir. Apr. 28, 2000);  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Rashid v. Khulmann*, 991 F. Supp 254, 259 (S.D. N.Y. 1998); *Whitehead v. Ramirez-Palmer*, No. C 98-3433 VRW PR, 1999 WL 51793, at *1 (N.D. Cal. Feb. 2, 1999).  As a result, because Petitioner's one-year period expired in 2003, his motion for relief from judgment filed in 2005 does not serve to revive the limitations period.

Furthermore, this is not a case to which equitable tolling applies.  The one-year limitations period applicable to § 2254 is subject to equitable tolling.  *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt*, 337 F.3d

638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-1009. In *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005), the Supreme Court has held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 418 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Here, Petitioner argues that he missed the filing deadline in the Michigan Supreme Court on direct appeal because he was transferred among facilities by the MDOC, and he lacked sufficient legal counsel in his appellate and post-conviction pursuits. (*See* Pet. at 5). To the extent Petitioner relies on these facts to warrant equitable tolling in this case, his position is without merit. Failing to monitor the status of an appeal and diligently pursue § 2254 relief does not justify equitable tolling. *Elliot v. Dewitt*, No. 00-3329, 2001 WL 523527, at * 1 (6th Cir. May 8, 2001). Additionally, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Brown v. United States*, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (unpublished case citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999), for proposition that ignorance of the law does not justify tolling); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."); *Holloway v. Jones*, 166 F.Supp.2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F.Supp.2d 1246, 1254 (C.D. Cal.1998)

(citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it is barred by the one-year limitations period for habeas corpus actions. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date: January 31, 2007                                       /s/ Ellen S. Carmody
                                                             ELLEN S. CARMODY
                                                             United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).