UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN TODD ALEXANDER,

        Petitioner,

v.                                                                                          Case No. 1:06-cv-905

                                                                    Hon. Wendell A. Miles

JOHN PRELESNIK,

        Respondent.
_____/

OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

On January 31, 2007, Magistrate Judge Ellen S. Carmody issued a report and recommendation to dismiss Petitioner's petition for writ of habeas corpus because it is barred by the statute of limitations. Petitioner filed his objections to the magistrate judge's report and recommendation on February 14, 2007.

Petitioner timely appealed his conviction and sentence to the Michigan Court of Appeals. The Michigan Court of Appeals affirmed his conviction and sentence on May 24, 2002. Petitioner claims that he did not learn that the Michigan Court of Appeals closed his case until September 18, 2002, which was after the 56-day deadline for appealing to the Michigan Supreme Court had passed. He filed a motion for relief from judgment and for resentencing in the trial court on February 17, 2005, which was denied on July 13, 2005. The Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal on March 15, 2006 and October 32, 2006, respectively. Petitioner filed the present action on December 12, 2006.

The magistrate judge concluded that the judgment against Petitioner became final on July 19, 2002 (56 days after the Michigan Court of Appeals affirmed his conviction and sentence), at which time the statute of limitations began to run.  The one-year limitation period expired on July 23, 2003.  Petitioner's motion for relief from judgment, filed in 2005, did not renew or revive the statute of limitations.  Accordingly, his present petition filed in December 2006 was barred by the statute of limitations.

Petitioner acknowledges that petitions for habeas corpus relief are subject to a one-year statute of limitations, which begins to run on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).  While the running of the statute of limitations is tolled when an application for post-conviction or other collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), Petitioner further acknowledges that a state motion for post-conviction or other collateral review which is filed after the statute of limitations has run will not revive the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run.  Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations.

Petitioner argues, however, that his circumstances warrant the application of equitable tolling.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Equitable tolling applies to the one-year limitation period for habeas petitions.  Dunlap v. United States, 250 F.3d 1001, 1003 (6th Cir. 2001).  However, the circumstances which will lead to equitable

tolling are rare. King v. Bell, 378 F.3d 550, 553 (6th Cir. 2004), citing Dunlap, 250 F.3d at 1009. Petitioner claims he was found guilty but mentally ill of the state charges against him. He was initially assigned to out-patient psychological services within the Michigan Department of Corrections. On August 12, 2002, he was admitted as an in-patient to the psychiatric facility at Riverside Correctional facility, and was released on June 20, 2003. Petitioner states that he was diagnosed as bi-polar, and certain unidentified scores indicated an elevated level of schizophrenia. He is currently being treated with medication for his bi-polar condition, but has received no treatment for schizophrenia. He contends that his mental condition constitutes an extraordinary circumstance which prevented him from diligently pursuing his rights.

Mental illness is not a per se reason to toll the statute of limitations for filing a federal habeas petition. Brown v. McKee, 232 F. Supp.2d 761, 767-68 (E.D. Mich. 2002). The federal rule is that a statute of limitations is tolled by reason of mental illness only if it actually prevents the sufferer from pursuing his legal rights during the limitations period. Miller v. Runyon, 77 F.3d 189, 191 (7th Cir. 1996). A habeas petitioner must allege more than the existence of mental illness in order to qualify for equitable tolling; he must show how his mental health problems rendered him unable to file a timely habeas petition. Id. The fact that a person is receiving treatment for his mental condition weighs more in favor of his being able to function than not. Miller, 77 F.3d at 191-92. Moreover, the extraordinary circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his legal claims during the period of his alleged mental incapacity. Brown, 232 F.Supp.2d at 768. Petitioner contends that the statute of limitations should have been tolled until June 20, 2003, the date he was released from the psychiatric facility

3

as an in-patient. Assuming, without deciding, that Petitioner's contention has merit, the one-year statute of limitations would have expired on June 20, 2004, or two and one-half years before he filed his petition. Petitioner has not shown why he was unable to proceed with his legal endeavors between June 20, 2003 and February 17, 2005, when he filed his motion for resentencing in the trial court. Because petitioner was able to seek post-conviction relief in the state trial court, and file the instant petition and objections to the report and recommendation, all the while receiving treatment for his mental illness, he was not so mentally incapacitated as to warrant equitable tolling of the limitations period for bringing his habeas petition.

## Conclusion

The court, having reviewed the Magistrate Judge's report and recommendation, the relevant portions of the case file, and Petitioner's objections and supporting documents, finds that the Magistrate Judge has made a thorough and accurate review of all appealable issues and agrees with the reasoning and recommended disposition contained in the Report and Recommendation.

Accordingly, the court OVERRULES the Petitioner's objections (docket #6), ADOPTS the Magistrate Judge's Report and Recommendation (docket. #5), and DISMISSES the Petition for Writ of Habeas Corpus (docket. #1).

So ordered this 21st day of March, 2007.

                                           /s/ Wendell A. Miles
                                           Wendell A. Miles
                                           Senior U.S. District Judge